FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2017 SEP 18 PM 2:33
FT. MYERS DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

JOSE ALVARADO, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.

CASE NO.

2:17-CV-516-FtM-99CM

J. MIKE GUITARD PAINTING, INC.,
A Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, JOSE ALVARADO, on behalf of himself and other employees and

former employees similarly situated, by and through the undersigned counsel, files this

Complaint against Defendant, J. MIKE GUITARD PAINTING, INC., (hereinafter

"Defendant") and states as follows:

### JURISDICTION

    1.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to

recover unpaid overtime wages and an additional equal amount as liquidated damages,

obtain declaratory relief, and reasonable attorney's fees and costs.

    2.  The jurisdiction of the Court over this controversy is based upon 29 U.S.C.
§216(b).

### PARTIES

    3.  At all times material hereto, Plaintiff was, and continues to be a resident of Lee

County, Florida.

4.  At all times material hereto Defendant, J. MIKE GUITARD PAINTING, INC., is a Florida Profit Corporation with a principle place of business located at 5401 Taylor Road, Suite 2, Naples, FL 34109 and was engaged in business in Collier County, Florida.

5.  At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

6.  At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

7.  Defendant was, and continues to be an "employer" within the meaning of FLSA.

8.  At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9.  At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

12. At all relevant times, Defendant has been, and continues to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

14. The additional persons who may become plaintiffs in this action are/were non-

exempt employees of Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. From 2006, Defendant hired Plaintiff to work as a nonexempt painter and agreed to pay Plaintiff $15.50 per hour.

17. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. From at least August 9, 2014 and continuing through August 23, 2016, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

19. Specifically, Defendant paid Plaintiff in cash for hours worked over forty (40) and failed to pay Plaintiff time and one-half for the hours over forty (40) in a workweek.

20. Defendant has violated Title 29 U.S.C. § 207 from at least August 9, 2014 and continuing through August 23, 2016 in that:

a. Plaintiff was not paid for all hours worked;

b. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

3

    c. No payments, and provisions for payment, have been made by Defendant to

       properly compensate Plaintiff at the statutory rate of one and one-half times

       Plaintiff's regular rate for those hours worked in excess of forty (40) hours

       per work week as provided by the FLSA; and

    d. Defendant has failed to maintain proper time records as mandated by the

       FLSA.

21. Plaintiff has retained the law firm of BERKE LAW FIRM, P.A. to represent him
in the litigation and has agreed to pay the firm a reasonable fee for its Services.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

22. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 —
21 as if incorporated herein.

23. From at least August 9, 2014 and continuing through August 23, 2016, Plaintiff
worked in excess of the forty (40) hours per week and was not compensated at the
statutory rate of one and one-half times Plaintiff's regular rate of pay.

24. Rather, throughout his employment Defendant failed to pay Plaintiff, and all
employees similarly situated, overtime wages for hours worked over forty (40) in a
workweek.

25. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half
times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

26. At all times material hereto, Defendant failed to maintain proper time records as
mandated by the FLSA.

27. Defendant's actions were willful and/or showed reckless disregard for the
provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory

4

rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

28. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

31. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

32. Based upon information and belief, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant as follows:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b.  Awarding Plaintiff overtime compensation in the amount due to him for

Plaintiff's time worked in excess of forty (40) hours per work week;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime

award;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the

litigation pursuant to 29 U.S.C. §216(b);

e.  Awarding Plaintiff pre-judgment interest;

f.  Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice

of this action, pursuant to 216(b), to those similarly situated to Plaintiff; and

g.  Ordering any other further relief the Court deems just and proper.

Dated this 7th day of September 2017,

BERKE LAW FIRM, P.A.

By:  _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*