## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is made and entered into by and between JOSE ALVARADO (hereinafter "Plaintiff") and J. MIKE GUITARD PAINTING, INC. (hereinafter "Defendant") ("Plaintiff" and "Defendant" shall sometimes be referred to collectively herein as the "Parties").

WHEREAS, Plaintiff has filed a lawsuit alleging violations of the Fair Labor Standards Act (FLSA) in the U.S. District Court for the Middle District of Florida, Ft. Myers Division, ALVARADO vs. J. MIKE GUITARD PAINTING, INC., Case No. 2:17-cv-00516 ("the Lawsuit"), the allegations of which the Company denies; and

WHEREAS, the Parties prefer to avoid the uncertainties and expense of litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1. **Settlement Funds.** Defendant agrees to pay Plaintiff, and his attorney, the total sum of EIGHTEEN THOUSAND FOUR HUNDRED DOLLARS ($18,400.00) (hereinafter "Settlement Funds"), in three (3) separate checks as follows:

   a. JOSE ALVARADO will receive one check in the amount of $6,500.00 representing unpaid wages less applicable withholding taxes related to his FLSA claims for which the Defendant will issue a Form W2;

   b. JOSE ALVARADO will receive one check in the amount of $6,500.00 representing liquidated damages related to his FLSA claims for which the Defendant will issue a Form 1099; and

   c. BERKE LAW FIRM, P.A. will receive a check in the amount of $5,400.00 which represents $5,000.00 for attorneys' fees and $400 costs in this matter. Plaintiff is expressly aware of, and agrees with, the amount paid to his attorney in fees for representing his interests in this matter, and further represents that the amount of fees were determined and negotiated separate from his claims under the Fair Labor Standards Act of 1938, as amended.

EXHIBIT "A"

2. **Payment.** Defendant and Defense Counsel agrees to deliver said Settlement Funds to Plaintiff's counsel, Bill B. Berke, Esq., Berke Law Firm, P.A. 4423 Del Prado Boulevard S., Cape Coral, Florida 33904 by no later than seven (7) days from the Court's approval of the settlement.

3. **Taxes.** Plaintiff is responsible for all tax liabilities on payments he receives under this Agreement.

4. **Complete Payment.** It is expressly understood by Plaintiff that upon Defendant's performance of the payment obligations contained in Paragraph 1 of this Agreement Plaintiff shall be deemed to have fully settled and released any and all claims which Plaintiff has against Defendant related to his claim for unpaid wages brought pursuant to the Fair Labor Standards Act ("FLSA"), which arose or may have arisen prior to the date of execution of this agreement.

5. **Opportunity to Review.** The Parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.

6. **Entire Agreement:** This Agreement constitutes and contains the entire agreement and understanding concerning the settlement of all of the Plaintiff's claims against Defendant, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the terms of this Agreement. This is an integrated document.

7. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida.

8. **Breach of Agreement.** Any breach of any term, provision, or obligation of this Agreement by any Party, shall entitle the other Party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

9. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions of this Agreement shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

10. **Execution.** The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

AGREED, ACKNOWLEDGED AND ACCEPTED BY:

_____  1-3-2018
JOSE ALVARADO                  Date

J. MIKE GUITARD PAINTING, INC.

By:  _____
     Authorized Individual's Signature   Date

     _____
     Print Authorized Individual's Name

3

8. **Breach of Agreement.** Any breach of any term, provision, or obligation of this Agreement by any Party, shall entitle the other Party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

9. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions of this Agreement shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

10. **Execution.** The Parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed.

AGREED, ACKNOWLEDGED AND ACCEPTED BY:


_____
JOSE ALVARADO          Date


J. MIKE GUITARD PAINTING, INC.

By: _____ 1/4/2018
    Authorized Individual's Signature   Date

    _____
    John Guitard
    Print Authorized Individual's Name

3