UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ALVARADO, on behalf of
himself and others similarly situated

       Plaintiff,

v.

Case No: 2:17-cv-516-FtM-99CM

J. MIKE GUITARD PAINTING,
INC.,

       Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the parties' Renewed Joint Motion to Approve Settlement (Doc. 26) filed on January 8, 2018. The parties provided copies of the Proposed Settlement Agreements. Docs. 26-1, 26-2. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. Doc. 26. For the reasons set forth herein, the Court recommends that the parties' motion be granted.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs brought this action against Defendant, alleging that Defendant did not compensate them with overtime pay in violation of the FLSA.[2] Doc. 1 ¶¶ 17-20.

---

[2] Jose Alvarado brought this suit on behalf of himself and others similarly situated on September 18, 2017. Doc. 1. On September 21, 2017, Plaintiff Pedro Mejia filed his consent to join Mr. Alvarado's collective action. Doc. 6. Currently only Mr. Alvarado and Mr. Mejia are plaintiffs in this action. *See generally*, Docs. 1-24.

Defendant is a corporation engaged in business in Florida. *Id.* ¶ 4. Plaintiffs Jose Alvarado[3] and Pedro Mejia are non-exempt employees of Defendant. *Id.* ¶¶ 5, 14.

The Complaint alleges that Defendant hired Plaintiffs as painters and paid Plaintiffs in cash for hours worked in excess of forty hours in a single work week. *Id.* ¶¶ 16, 19. Plaintiffs allege that Defendant did not pay them at a rate of one-and-a-half times their regularly hourly wage for overtime worked and failed to maintain proper time records. *Id.* ¶ 20.

On December 21, 2017 the parties submitted proposed settlement agreements (Docs. 24-1, 24-2) to the Court for approval. Doc. 24. The Court subsequently denied without prejudice the parties' motion to approve the settlement, noting that the proposed settlement agreements contained pervasive releases for unrelated claims unsupported by independent consideration. Doc. 25 at 3-5. The parties now renew their motion for Court approval and have submitted revised settlement agreements without the offending provisions. *See* Docs. 26, 26-1, 26-2.

In the revised settlement agreement for Jose Alvarado, Defendant agrees to issue one check payable to Jose Alvarado in the amount of six-thousand, five-hundred dollars ($6,500.00) for unpaid wages less applicable withholding taxes and one check payable to Jose Alvarado in the amount of six-thousand, five-hundred dollars ($6,500.00) for liquidated damages. Doc. 26-1 ¶ 1. Similarly, in the revised

---

[3] The Court notes that there is inconsistency in the spelling of Mr. Alvarado's surname. While the Complaint spells Mr. Alvarado's name with an "a" (Doc. 1), the Renewed Joint Motion to Approve Settlement (Doc. 26) spells Mr. Alvarado's name with an "e" ("Alverado"), the Revised Settlement Agreement (Doc. 26-1) spells his name with an "a" ("Alvarado"), and the docket omits the extra vowel altogether ("Alvardo"). For the sake of consistency, the Court will use the spelling "Alvarado" throughout this Order.

settlement agreement for Pedro Mejia, Defendant agrees to issue one check payable to Pedro Mejia in the amount of four-thousand dollars ($4,000.00) for unpaid wages less applicable withholding taxes and one check payable to Pedro Mejia in the amount of four-thousand dollars ($4,000.00) for liquidated damages. Doc. 26-2 ¶ 1. The pervasive release has been removed from both settlement agreements. *Compare* Docs. 24-1, 24-2 *with* Docs. 26-1, 26-2.

Each party was independently represented by counsel. *See docket*. The parties represent that they wish to avoid the uncertainties and expense of litigation. Docs. 26-1 at 1, 26-2 at 1. Plaintiffs represent that they have been paid a fair settlement for all work performed on Defendant's behalf, and that the settlement is a reasonable resolution of a disputed claim. Doc. 26 ¶ 6.

Based on the Court's review of the settlement agreements, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlements to be fair and reasonable compromises of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlements, Defendant further agree to pay Plaintiff Alvarado's attorneys' fees and costs in the amount of five-thousand, four-hundred dollars ($5,400.00) and Plaintiff Mejia's attorneys' fees in the amount of five-thousand dollars ($5,000.00). Docs. 26-1 ¶ 1, 26-2 ¶ 1. The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery. Doc. 26 ¶ 7.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlements were reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 26 ¶ 7.

Thus, having reviewed the settlement agreements (Docs. 26-1, 26-2), the Court recommends the proposed monetary terms of the settlements to be fair and reasonable compromises of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

The Renewed Joint Motion to Approve Settlement (Doc. 26) be **GRANTED** and this action be **DISMISSED with prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of January, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record